# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                 Case No. 12-CR-203

JAVIER RAMIREZ

    Defendants.

## DECISION AND ORDER

On September 25. 2012, a federal grand jury sitting in this district returned a three-count indictment against the defendant, charging him with distributing cocaine in violation of 21 U.S.C. § § 841(a)(1) and (b)(1)(C). The defendant appeared before a United States Magistrate Judge for arraignment and entered a plea of not guilty to the charges.

The defendant has filed a motion to disclose the identities of the confidential informants, which will be addressed herein. (Docket # 19). The defendant seeks the names of the confidential informants used by the government and any incentives, inducements, payments or plea agreements that the government provided to these informants.

It is well-established that the government has a limited privilege to withhold the identity of a confidential informant from disclosure. Roviaro v. United States, 353 U.S. 53 (1957). The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. Id. at 59. The nature of the confidential informant's role is an important factor in determining whether the informant's identity should be disclosed. United States v. Harris, 531 F.3d 507, 515 (7th Cir. 2008). When an informant is a transactional witness, as opposed to a mere tipster, disclosure generally is required. Id.

In this case, the government acknowledges that the informant is a transactional witness, but has withheld the informant's identity because of fear for the informant's safety. The government states that it received information earlier that members of the defendant's family said they were looking for the informant and wanted to physically harm that person. The government also states that it has provided the informant's statements and other reports, as well as audio and video recordings of the controlled buys, to the defendant. Given its concern about the informant's safety, the government will disclose the identity of the confidential informant to the defendant 21 days prior to trial. The defendant has not objected to this time frame.

The government also requests that the defendant's conditions of bond be amended to prohibit him from having any contact with the informant. Such a request is more properly raised in a motion to amend bond conditions, not in response to the defendant's motion. Therefore, this request will be denied without prejudice.

**NOW, THEREFORE, IT IS ORDERED** that, given the government's representation that it will disclose the confidential informant's identity 21 days prior to trial, the defendant's motion to disclose the identity of confidential informants be and hereby is **denied as moot**. (Docket # 19).

**IT IS FURTHER ORDERED** that the government's request to modify the defendant's conditions of bond be and hereby is **denied** without prejudice.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General L. R. 72(c) (E.D. Wis.), whereby written objection to any order herein or part thereof may be filed within 14 days of service of this order. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin, this 19th day of November, 2012.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge